## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**GAVIN PERKINS**                                                                  **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:24-CV-P226-JHM**

**RAMSEY DALLAM** *et al.*                                                         **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, this action will be dismissed.

### I.

When Plaintiff Gavin Perkins initiated this action, he was incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections. He names as Defendants Governor Andy Beshear, former Governor Steve Beshear, Special Prosecutor Ramsey Dallam, Prosecutor Marit Delosser, five officers from the Louisville Metro Police Department (LMPD), and two deputies from the Jefferson County Sheriff's Office.

Plaintiff states as follows in the complaint:

Case No. 23-CR-001225

1. Going through the walls of people's houses excessive [illegible] to Amendment IV
   – The right of people to be secure in their persons, houses, papers, and effects against unreasonable search & seizure and shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath of affirmation and particularly describing the place to be searched, and the persons or things to be seized.  The police recovered a glock through massive surveillance.
2. Amendment II – A well regulated militia, being necessary to the security of a free state, the right of people to keep and bear arms shall not be infringed.  Justice Clarence Thomas – it is unconstitutional and illegal to go through the walls of peoples houses.  Police took photographs & flyover of storage unit – planning a search warrant for the storage unit.  Intimidating hard drive by in marked LMPD

car.  Breonna Taylor case EXCESSIVE FORCE.  Turning down a no-contact order & EPO over the phone.  A cease & desist order was filed 2/27/2018. . . .  On 6/4/2018 a no-contact order was issued.  202 C is unconstitutional & a violation of the U.S. Constitution and Kentucky Constitution.  Double standard in our judicial system.  Slander & defamation of character & libel.

3. Amendment XIV – All persons born or naturalized in the United States are subject to the jurisdiction thereof, are citizens of the United States & of the state wherein they reside no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.  This amendment protect me against 202C. A no-contact order should have been issued.

4. Amendment VIII – Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.

DOC [] Building being destroyed, commonwealth hall being covered up.

As relief, Plaintiff seeks damages and the dismissal of his state-court criminal case.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although it is not clear, it appears that Plaintiff is claiming that his rights under the Second, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution have been violated in the course of his state-court criminal action.  However, the complaint does not "contain sufficient factual matter" to state a claim under any of these constitutional provisions.  *Iqbal*, 556

U.S. at 678  (quoting *Twombly*, 550 U.S at 570).    Moreover, the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).   Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissing of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

Thus, because the complaint does not contain factual matter sufficient to state a constitutional claim against any Defendant, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date:   August 23, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
4414.011

4